UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.
MAGISTRATE JUDGE:

PALS GROUP, INC.,

      Plaintiff,

v.

QUISKEYA TRADING CORP. &
PATRICK LOUISSAINT,

      Defendants.

_____/

### DEFENDANTS' NOTICE OF REMOVAL

COMES NOW, the Defendants, QUISKEYA TRADING CORP. & PATRICK LOUISSAINT, by and through their undersigned counsel, and pursuant to 28 U.S.C §§ 1331, 1367(a), 1441 and 1446, who hereby file this Notice of Removal of the above-styled action originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, under Case No. 2016-19994 CA (25) (the "State Action") to the United States District Court for the Southern District of Florida, and in support thereof, states as follows:

1.      The Plaintiff originally filed his Complaint in the State Action on August 3, 2016. Summons was issued to each of the Defendants on August 22, 2016.

2.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of all the documents filed in the State Action and served upon the Defendants are attached hereto as Exhibit "A" and are incorporated herein by reference.

3.      Plaintiff's Complaint alleges a cause of action under the Lanham Act, 15 U.S.C. § 1125(a).

C O H E N   L A W
2 0 3 0   S .   D o u g l a s   R o a d . ,   S u i t e   2 0 4 ,   C o r a l   G a b l e s ,   F L   3 3 1 3 4
T e l e p h o n e :   3 0 5 . 9 6 7 . 7 5 5 0   F a c s i m i l e :   3 0 5 . 5 4 7 . 9 9 2 2

4.      Pursuant to 28 U.S.C. § 1331, the District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States. Therefore, this Court has original jurisdiction over Plaintiff's claims arising under 15 U.S.C. § 1125(a), and Count IV of this action are therefore removable under 28 U.S.C. § 1441(a).

5.      Pursuant to 28 U.S.C. § 1367(a), the District Courts shall have supplemental jurisdiction of all other civil claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      In addition to alleging causes of action under the Lanham Act, the Plaintiff's Complaint in Counts I-III alleges causes of action under Florida law including: 1) Misappropriation of Trade Secrets, 2) Violation of Florida Deceptive and Unfair Trade Practices Act, and 3) Unfair Competition. Additionally, in Counts V-IX the Plaintiff alleges causes of action under Florida Law including: 5) Breach of Contract, 6) a second Breach of Contract, 7) Breach of Fiduciary, 8) Equitable Accounting, and 9) Unjust Enrichment. Therefore, this Court should properly exercise supplemental jurisdiction over Counts I-III pursuant to 28 U.S.C. § 1367(a) because the Plaintiff's state law claims are part of the same case or controversy and arise out of the same facts or circumstances under which the federal claims are plead.

7.      Pursuant to 28 U.S.C. § 1446(b) and (d), a copy of this Notice of Removal has been filed with the Clerk of the Circuit Court in the Eleventh Judicial Circuit in and for Miami Dade County, FL within thirty (30) days of any Defendant being served with the Complaint. A copy of the Notice of Filing Notice of Removal without attachments is attached hereto as Exhibit "B."

8.      The Defendants have complied with all of the requirements for removal under Title 28 of the United States Code, the United States District Court for the Southern District of Florida

C O H E N   L A W
2 0 3 0   S .   D o u g l a s   R o a d . ,   S u i t e   2 0 4 ,   Coral   Gables ,   FL   3 3 1 3 4
T e l e p h o n e :   3 0 5 . 9 6 7 . 7 5 5 0   F a c s i m i l e :   3 0 5 . 5 4 7 . 9 9 2 2

has jurisdiction over all the parties and their territorial jurisdiction embraces the place where the state court action is pending.

WHEREFORE, the Defendants, QUISKEYA TRADING CORP & PATRICK LOUISSAINT, request that the action be removed from the Eleventh Judicial Circuit in and for Miami Dade County, FL and that it proceed to the United States District Court for the Southern District of Florida, as an action properly removed thereto.

Dated: September 12, 2016

Respectfully submitted,

**COHEN LAW**
2030 S Douglas Road.
Suite 204
Coral Gables, FL 33134
Tel:  (305) 967-7550
Fax:  (305) 547-9922
Email: dc@cohenlawpa.com

_____
DANIELLE A. COHEN
Fla. Bar No.: 27623

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system and served a true and correct copy of the forgoing via electronic mail to the attorneys for the Plaintiff, Michael C. Foster, Esq., Annette Urena Tucker, Esq., TRIP SCOTT, P.A., 110 SE 6th Street, 15th Floor, Fort Lauderdale, FL 33301, mcf@trippscott.com and aut@trippscott.com, on this the 12th day of September, 2016.

_____
DANIELLE A. COHEN

C O H E N   L A W
2 0 3 0   S .   D o u g l a s   R o a d . ,   S u i t e   2 0 4 ,   C o r a l   G a b l e s ,   F L   3 3 1 3 4
T e l e p h o n e :   3 0 5 . 9 6 7 . 7 5 5 0   F a c s i m i l e :   3 0 5 . 5 4 7 . 9 9 2 2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO:

PALS GROUP, INC. D/B/A LAKAY
FOODS, a Florida corporation,

      Plaintiff,

vs.

QUISKEYA TRADING CORP., a Florida
corporation and PATRICK LOUISSAINT,
an individual,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS ("Lakay") by and though undersigned counsel hereby sues Defendants QUISKEYA TRADING CORP. ("QTC") and PATRICK LOUISSAINT ("Louissaint") (collectively "Defendants"), stating as follows:

## GENERAL ALLEGATIONS

1.      This is a lawsuit that arises out of Louissaint's gross breaches of fiduciary duty, self-dealing and personal betrayal. Lakay employed Louissaint as an employee and outside bookkeeper and auditor, supported his professional growth and stood by him – personally and professionally – when he decided precipitously to move to his family to Orlando, Florida. Lakay's loyalty was repaid by Louissaint's misuse and/or misappropriation of Lakay's intellectual property, financial resources and records. Louissaint has used Lakay's property to create QTC, which unfairly competes with Lakay's core business.

1

## **Identification of the Parties**

2.      Plaintiff Lakay is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Lakay was incorporated on or about February 27, 2006.

3.      Defendant Louissaint is an individual, who resides in Orange County, Florida, who conducts substantial business in Miami-Dade County, Florida, and who is otherwise *sui juris*.

4.      Defendant QTC is a Florida corporation with offices and operations in Orange County and Miami-Dade County.  QTC is owned and controlled by Louissaint.

## **Jurisdiction and Venue**

5.      The Court has personal jurisdiction over Defendants pursuant to § 48.193, Fla. Stat., for the following reasons:

      (a)      Defendants are citizens of the State of Florida; and

      (b)      Defendants operate, conduct, engage in, and/or carry on a business or business venture in this state.

6.      This Court has subject matter jurisdiction over this lawsuit in that the lawsuit seeks damages in excess of $15,000, exclusive of costs, interest and attorneys' fees

7.      Venue is proper in this Court pursuant to §§ 47.011 and 47.051, Fla. Stat. in that the causes of action at issue in this lawsuit accrued in Miami-Dade County, Florida.

## **FACTS COMMON TO ALL COUNTS**

## **The Lakay Business and Intellectual Property**

8.      Lakay is a family owned and operated business, founded in 2005 by Christopher Dupuy – a self-made immigrant from Haiti.  Lakay manufactures and distributes products ranging from corn meal, rice, flour and cereal, to cassava bread, canned seafood, canned tomato

paste, beverages, coconut milk and coconut water, and condiments used to make traditional – and innovative – Caribbean and Hispanic style recipes.

9.    Lakay has its primary operations in Miami and Orlando, Florida, but serves customers – restaurants, supermarkets, convenience stores and hotels – throughout Florida and the United States.   Lakay is dedicated to providing its customers with superior products, excellent customer, competitive pricing, competitive prices, and an unparalleled product selection.

10.    For over a decade, Lakay has concentrated on developing its brand and promoting its business throughout Florida, and the nation. Lakay – meaning "at home" – filed for a trademark on "Lakay" in July of 2005 and received its registration in January of 2009.

11.    Lakay's uses two green swirls with an orange sun as it trade dress and its trade dress has acquired special significance with its customers by virtue of being inherently distinctive:



12.    Lakay has built lists of customers and suppliers, its business plan, and its pricing information over the last ten years at great expense.   Lakay derives independent economic value, actual and potential, from this intellectual property not being generally known to, and not being readily ascertainable by proper means by, other persons – like competitors – who can obtain economic value from its disclosure or use.   Lakay maintains this intellectual property using efforts that are reasonable under the circumstances to maintain its secrecy.

## **Louissaint and His Competing Businesses**

13.     Defendant Louissaint started working for a Lakay affiliate in Haiti in his late teens.  Louissaint was interested in moving to the United States and thus, in 2008, Lakay offered Louissaint the opportunity to move to Florida to work for Lakay as a bookkeeper while he attended school.

14.     Louissaint worked as an employee for Lakay for over six years as the company's bookkeeper and auditor. In that capacity, Louissaint had access to and control of Lakay's financial records, including, but not limited to, Lakay's bank account records, payable and receivable information, and QuickBooks records.  Louissaint was also entrusted with Lakay's confidential customer lists, supplier lists (and products), marketing strategies, prices, costs, and margins.  All of this information constitutes Lakay's protected trade secrets.

15.     Louissaint decided to move to Orlando, Florida with his wife in or about 2012. He requested that Lakay continue his employment after the move, and Lakay agreed to this request.  Louissaint commuted to Miami to work for Lakay as a bookkeeper for a period of two years.   Unbeknownst to Lakay, Louissaint had simultaneously started his own business in Orlando that competed directly with Lakay.  Louissaint built "his business" (under the name "Lakay Distribution Center") *using Lakay's credit line* without authorization to lease a warehouse, purchase trucks and build inventory, and, in so doing, accumulated debt of over $160,000.

16.     In early 2014, Lakay learned for the first time that Louissaint had utilized its credit line; upon demand for return of Lakay's funds, Mr. Dupuy was advised that Louissaint did not have the assets to repay the debt.

17.     Dupuy initially forgave Louissaint and came to a flexible solution by which Louissaint could repay his debt to Lakay.  The agreement provided that Louissaint's business (the business created *using Lakay's money*) would cease his competition and act as an actual distributor for Lakay; the debt owed by Louissaint would then be repaid over time by ceding a portion of the distributor profits to Lakay.  Louissaint appeared to abide by this agreement throughout the remainder of 2014 and into 2015, and continued his work as Lakay's bookkeeper.

18.     Upon information and belief, Louissaint never abided by (or intended to abide by) the terms of his agreement with Lakay.  Indeed, Louissaint formed QTC in Orlando, Florida in February 2015 and resumed his unfair competition.

## The QTC Business

19.     QTC entered the market in 2015 focused on providing Caribbean and Hispanic customers with a variety of goods including, beans, flour, cornmeal, canned goods, juices and beverages using its "Quiskeya" label.  These are the same goods that Lakay manufacturer with the same target retail purchases.

20.     In fact, QTC purchased most of its goods from Lakay's suppliers and distributed its goods to the same retailers.  QTC has and had, however, a distinct advantage over Lakay: Louissaint's knowledge of Lakay's prices, cost structure and marketing permitted him to undercut Lakay's pricing.  Upon information and belief, Louissaint also holds himself and QTC out as "distributors" of Lakay to overcome any suspicion that Lakay's commercial relationships might have that would interfere with a sale to/purchase from QTC.

21.     QTC, through its President Louissaint, also started using a virtually identical trade dress to that used by Lakay on its products, on its webpage, and in all of its other marketing

vectors. QTC's label uses the same color scheme as Lakay along with a similar layout of a sun on top of a green "swish" –



22.      Moreover, the name "Quiskeya" refers to the island of Hispaniola – the island upon which Haiti rests – and, thus, like Lakay, is meant to evoke the idea of "home" to Caribbean retail customers.

23.      QTC has grown quickly using Lakay's confidential trade secrets – *viz.*, vendors, suppliers, customers and pricing – trade dress, financial information, marketing strategy and overall business plan.  Within the last month, QTC has opened a warehouse in Miami, Florida nearby Lakay.

24.      QTC and Louissaint have used and continue to use the confidential and trade secrets that Louissaint took from Lakay, without Lakay's consent or knowledge, to compete with or otherwise harm Lakay.

25.      Louissaint has refused to return Lakay's financial records and other confidential material that Louissaint acquired while working as a trusted advisor for Lakay, causing Lakay great damage.

26.      All conditions precedent to the commencement of this lawsuit have occurred or have been waived.

27.      Lakay has engaged the undersigned counsel and has agreed to pay them a reasonable fee.

## COUNT I – MISAPPROPRIATION OF TRADE SECRETS
### (All Defendants)

28.     Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.     This is an action pursuant to the Florida Uniform Trade Secrets Act, Chapter 688 of the Florida Statutes, for temporary and permanent injunctive relief and damages based upon Defendants' misappropriation of Lakay's trade secrets.

30.     Lakay's confidential and proprietary information constitutes trade secrets protected under Sec. 688, Fla. Stat.

31.     By his actions, during and subsequent to his separation from Lakay, Louissaint for himself and by and through his affiliate entity, QTC, misappropriated Lakay's trade secrets in violation of Sec. 688, Fla. Stat.

32.     In his position as the bookkeeper and auditor, Lakay furnished and entrusted Louissaint with Lakay's trade secrets and confidential information.

33.     Defendants, through improper means, specifically the theft of/ breach of the duty to maintain the secrecy of Lakay's trade secrets, misappropriated Lakay's trade secrets and confidential information.  Louissaint individually, and through QTC, has disclosed and/or used or is likely to disclose or use Lakay's trade secrets without the express or implied consent of Lakay.

34.     In addition, Louissaint and QTC still possess Lakay's trade secrets and have improperly disclosed and used such information and/or are likely to disclose or use Lakay's trade secrets for the benefit of themselves and others.

35.     Lakay will suffer irreparable injury if injunctive relief does not issue precluding Louissaint and QTC from using or disclosing Lakay's trade secrets and confidential and proprietary information.

36.     Injunctive relief is in the public interest because trade secret law serves to protect standards of commercial morality and encourage invention and innovation while maintaining the public interest in having free and open competition in the manufacture and sale of goods.

37.     As a direct and proximate result of Defendants' misappropriation of trade secrets and confidential and proprietary information, Lakay has incurred damages.

38.     Defendants' conduct was wanton, willful, and malicious, so as to justify the imposition of exemplary damages under Sec. 688, Fla. Stat.

39.     Lakay has retained the undersigned law firm and agreed to pay said firm's reasonably hourly fees for their services, including attorneys' fees and paralegal fees, and reimburse them for all the costs associated with this proceeding.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, respectfully requests that the Court enter judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

(a)     Ordering Defendants from disclosing or using for his own benefit or the benefit of any other person or entity, or otherwise making available to any other person or entity, any trade secrets or confidential business information belonging to Lakay, including but not limited to, sales information, client pricing and pricing methodologies, profit margins and clients;

(b)     Ordering Defendants to return Lakay's confidential and trade secret information;

(c)     Awarding Lakay recovery from Defendants of any gains, profits and advantages they have obtained as a result of their wrongful acts in an amount to be determined at trial;

(d)     Awarding Lakay double damages based upon Defendant's willful and malicious misappropriation pursuant to Sec. 688.004, Fla. Stat.;

(e)     Awarding Lakay's litigation costs and attorneys' fees pursuant to Sec. 688.005, Fla. Stat.; and

(f)     Awarding Lakay such other and further relief as is deemed just and proper.

<u>COUNT II – VIOLATION OF FLORIDA DECEPTIVE</u>
<u>AND UNFAIR TRADE PRACTICES ACT</u>
**(All Defendants)**

40.     Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

41.     This is an action seeking damages for Defendants' unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in conduct.

42.     Defendants have wrongfully taken Lakay's confidential and proprietary information and used it to gain an unlawful and wrongful competitive advantage over Lakay and to interfere with Lakay's relationships with its vendors, suppliers and customers.

43.     Defendants have wrongfully and falsely converted Lakay's business plan, pricing strategy, distributing relationships, marketing materials, and financial information, and used this confidential information and Lakay's trade secrets to gain an unlawful and wrongful competitive advantage over Lakay and to interfere with Lakay's relationships with its customers and clients.

44.     Defendants' practices are unconscionable, unfair, and/or deceptive and are thus unlawful, within the meaning of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Sec. 501.204, Fla. Stat.

45.     Lakay is entitled to the protections afford by FDUTPA which are "construed liberally to promote the following policies" ... (2) To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or

9

unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat.

46.     Lakay is irreparably harmed by Defendants' conduct and Lakay has sustained damages as a result of Defendants' unconscionable, unfair, and/or deceptive and/or misleading business practices with respect to its products, for which there is no adequate remedy at law.

47.     Lakay is entitled to recover its attorneys' fees and costs pursuant to Sec. 501.2105, Fla. Stat.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, respectfully requests that the Court enter judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

(a)     Declaring that Defendants' acts and practices violate Florida's Deceptive and Unfair Trade Practices Act, Chapter 501, Florida Statutes;

(b)     Enjoining Defendants from violating Florida's Deceptive and Unfair Trade Practices Act;

(c)     Awarding Lakay damages, litigation costs and attorneys' fees; and

(d)     Awarding Lakay such other and further relief as is deemed just and proper.

## COUNT III – COMMON LAW UNFAIR COMPETITION
### (All Defendants)

48.     Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

49.     This is an action seeking damages for Defendants unfair methods of competition for trade dress infringement

50.     Defendants' adoption and use of its marketing infringes upon Lakay's trade dress. The similarity of design, similarity of product, similarity of collateral marketing materials,

similarity of layout and quantities offered, similarity of wording and phrasing, similarity of retail outlets and purchasers, and similarity of advertising media used, demonstrate Defendants' trade dress infringement and unfair competition.

51.     Lakay's marketing materials are inherently distinctive and its specific trade dress is utilized throughout. QTC's marketing materials and packaging are confusingly similar to Lakay.

52.     Furthermore, QTC's distribution, marketing, promotion, offering for sale, packaging and sale of goods by use of Lakay's trade dress is such that the public is likely to believe that QTC's goods or services have originated from and/or have been approved by Lakay.

53.     Lakay is irreparably harmed by Defendants' conduct and Lakay has sustained damages as a result of Defendants' unconscionable, unfair, and/or deceptive and/or misleading business practices with respect to its products, for which there is no adequate remedy at law.

54.     Upon information and belief, Defendants' have engaged in this activity knowingly, willfully, with actual malice, and in bad faith, so as to justify the assessment of increased, exemplary and punitive damages against them in an amount to be determined at trial.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, respectfully requests that the Court enter judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

(a)     Enjoining Defendants from using Lakay's trade dress or other colorable imitation, or confusingly similar variation thereof;

(b)     Awarding Lakay damages, litigation costs and attorneys' fees; and

(c)     Awarding Lakay such other and further relief as is deemed just and proper.

## COUNT IV – VIOLATION OF LANHAM ACT
### (All Defendants)

55.     Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

56.     This cause of action for trade dress infringement arises under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

57.     Lakay's trade dress is inherently distinctive and non-functional. Over the years, Lakay's trade dress has acquired secondary meaning within the consuming public as to identify Lakay and its products.

58.     Pursuant to the allegations set forth more fully above, Defendants have violated the Lanham Act by using a mark, trade name and/or form of advertisement which is substantially similar to Lakay's mark, trade name, packaging and form of advertisement.

59.     Defendants, through their actions, have created a likelihood of injury to Lakay's business reputation and have caused dilution of the distinctive quality of the Lakay's mark, trade name and form of advertisement.

60.     Defendants intended to, and have, profited from Lakay's established reputation by causing confusion as to the source of Defendants' goods.

61.     Lakay's trade name and logos have acquired sufficient distinctiveness as to be protected from dilution.  The trade name and logos have inherent distinctiveness and uniqueness, and have had a long duration and extensive use. Lakay has extensively advertised the trade name and logos which have gained high recognition with prospective purchasers.

62.     Lakay has been damaged by Defendants' conduct.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, respectfully requests that the Court enter judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

(a)    Ordering Defendants to refrain from using any words or symbols resembling Lakay's trademark, trade name, logo and or material as to likely cause confusion, mistake or deception;

(b)    Ordering Defendants to refrain from utilizing any word, term, symbol, device, color scheme or other combination thereof which causes or is likely to cause confusion, deception or mistake as to the affiliation of the Defendants or the Defendants' goods with Lakay's goods and products;

(c)    Awarding Lakay's litigation costs and attorneys' fees to the extent such fees and costs are available under applicable law; and

(d)    Awarding Lakay such other and further relief as is deemed just and proper.

### COUNT V – BREACH OF CONTRACT
**(Louissaint)**

63.    Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

64.    Lakay and Louissaint entered into an employment agreement whereby Louissaint acted as the company's bookkeeper and auditor.  In such position, Louissaint received Lakay's books and records and financials in order to perform his critical job.

65.    Louissaint was thereafter terminated as Lakay's bookkeeper and auditor.

66.    Upon termination, Louissaint was obligated to return Lakay's books and records and financial information.

67.    To date, Louissaint has refused to return the books and records and financials.

68.    As a direct and proximate cause of Louissaint's breaches, Lakay suffered damages in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, respectfully requests that the Court enter judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

      (a)    Awarding Lakay damages in excess of $15,000, exclusive of costs, interest and attorney's fees, in an amount to be proven at trial;

      (b)    Awarding Lakay's prejudgment and post-judgment interest on the damages it proves; and

      (c)    Awarding Lakay such other and further relief as is deemed just and proper.

## COUNT VI – BREACH OF CONTRACT
### (Louissaint)

69.    Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

70.    Lakay and Louissaint entered into an agreement whereby Louissaint agreed to pay back monies he improperly incurred for his benefit on Lakay's credit line.

71.    Louissaint breach this duty by failing to re-pay all sums set forth in the agreement.

72.    As a direct and proximate cause of Louissaint's breaches, Lakay suffered damages in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, respectfully requests that the Court enter judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

      (a)    Awarding Lakay damages in excess of $15,000, exclusive of costs, interest and attorney's fees, in an amount to be proven at trial;

      (b)    Awarding Lakay's prejudgment and post-judgment interest on the damages it proves; and

      (d)    Awarding Lakay such other and further relief as is deemed just and proper.

## COUNT VII – BREACH OF FIDUCIARY DUTY
### (Louissaint)

73.     Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

74.     Louissaint breached his fiduciary duties to Lakay by the numerous acts and omissions, including, those acts and omissions described in the Complaint, *supra*.

75.     As a direct and proximate cause of Louissaint's breaches, Lakay suffered damages in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, respectfully requests that the Court enter judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

(a)     Awarding Lakay damages in excess of $15,000, exclusive of costs, interest and attorney's fees, in an amount to be proven at trial;

(b)     Awarding Lakay's prejudgment and post-judgment interest on the damages it proves;

(c)     Awarding Attorneys' fees and litigation costs incurred in prosecution of this action; and

(e)     Awarding Lakay such other and further relief as is deemed just and proper.

## COUNT VIII – EQUITABLE ACCOUNTING
### (All Defendants)

76.     Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

77.     As a direct and proximate result of Defendants' wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Lakay.

78.     The transactions at issue involve extensive and/or complicated accounts and ownership structures, and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity.  Moreover, Lakay and Defendants have a fiduciary relationship and the rights being used by Defendants are rightfully property of Lakay.

79.     The exact amount of remuneration due from Defendants to Lakay is unknown to Lakay, and same cannot be determined in the absence of an accounting.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, respectfully requests that the Court enter judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

(a)     Ordering Defendants to account for all gains, profits, advantages, deals, agreements, contracts received utilizing Lakay's trades secrets and confidential information, and reimbursing Lakay for such amounts;

(b)     Requiring Defendants to provide Lakay with immediate access to all books and records regarding the Invention including, all documents showing any transactions with and/or concerning the Invention;

(c)     Awarding Lakay's litigation costs and attorneys' fees to the extent such fees and costs are available under applicable law; and

(d)     Awarding Lakay such other and further relief as is deemed just and proper.

## COUNT IX – UNJUST ENRICHMENT
### (All Defendants)

80.     Lakay re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

81.     As more fully set forth above, Defendants have been unjustly enriched at the expense of Lakay.

82.     Defendants should be required to disgorge all monies, profits and gains which they obtained or will obtain in the future at the expense of Lakay.

WHEREFORE, Plaintiff, PALS GROUP INC. d/b/a LAKAY FOODS, demands judgment against Defendants, QUISKEYA TRADING CORP. and PATRICK LOUISSAINT, as follows:

(a)     Awarding Lakay damages in excess of $15,000, exclusive of costs, interest and attorney's fees, in an amount to be proven at trial;

(b)     Awarding Lakay's prejudgment and post-judgment interest on the damages it proves;

(c)     Awarding Attorneys' fees and litigation costs incurred in prosecution of this action; and

(d)     Granting Lakay such other and further relief as is deemed just and proper.

## DEMAND FOR JURY TRIAL

Lakay demands trial by jury of all issues triable as of right by jury.

Dated this  3rd  day of August, 2016.

Respectfully submitted,

/s/ Michael C. Foster
Michael C. Foster
Florida Bar No. 0042765
E-Mail: mcf@trippscott.com
Annette Urena Tucker
Florida Bar No. 0014838
E-Mail: aut@trippscott.com
**TRIPP SCOTT, P.A.**
110 S.E. Sixth Street
Fifteenth Floor
Fort Lauderdale, Florida 33301
Telephone:     (954) 525-7500
Facsimile:     (954) 761-8475
*Attorneys for PALS GROUP INC. D/B/A LAKAY FOODS*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2016-19994 CA (25)

PALS GROUP, INC.,

      Plaintiff,

v.

QUISKEYA TRADING CORP. &
PATRICK LOUISSAINT,

      Defendants.

_____/

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW, the Defendants, QUISKEYA TRADING CORP. & PATRICK LOUISSAINT, by and through their undersigned counsel, and pursuant to 28 U.S.C §§ 1331, 1367(a), 1441 and 1446, who hereby file this Notice Of Filing Notice Of Removal of the above-styled action originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, to the United States District Court for the Southern District of Florida, and in support thereof, states as follows:

1.      The Plaintiff originally filed his Complaint in the State Action on August 3, 2016. Summons was issued to each of the Defendants on August 22, 2016.

2.      Plaintiff's Complaint alleges a cause of action under the Lanham Act, 15 U.S.C. § 1125(a). Pursuant to 28 U.S.C. § 1331, the District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States. Therefore, the Federal Court has original

C O H E N   L A W
2 0 3 0   S .   D o u g l a s   R o a d . ,   S u i t e   2 0 4 ,   C o r a l   G a b l e s ,   F L   3 3 1 3 4
T e l e p h o n e :   3 0 5 . 9 6 7 . 7 5 5 0   F a c s i m i l e :   3 0 5 . 5 4 7 . 9 9 2 2

jurisdiction over Plaintiff's claims arising under 15 U.S.C. § 1125(a), and Count IV of this action are therefore removable under 28 U.S.C. § 1441(a).

       3.      Pursuant to 28 U.S.C. § 1446(b) and (d), a copy of this Notice of Removal has been filed with the Clerk of the Circuit Court in the Eleventh Judicial Circuit in and for Miami Dade County, FL within thirty (30) days of any Defendant being served with the Complaint.

       4.  The Defendants have complied with all of the requirements for removal under Title 28 of the United States Code, the United States District Court for the Southern District of Florida has jurisdiction over all the parties and their territorial jurisdiction embraces the place where the state court action is pending pursuant to 28 U.S.C. § 1446(d), and gives notice that the attached Notice of Removal of the above-styled civil action has been filed in the United States District Court for the Southern District of Florida, in accordance with 28 U.S.C. §1441. (Exhibit 1). The Defendants' filing of this Notice of Filing and the attached Notice of Removal with the Clerk of the Circuit Court in the Eleventh Judicial Circuit in and for Miami Dade County, Florida, shall effect the removal and this Court may precede no further unless and until this case is remanded.

       WHEREFORE, the Defendants, QUISKEYA TRADING CORP & PATRICK LOUISSAINT, request that the action be removed from the Eleventh Judicial Circuit in and for Miami Dade County, FL and that it proceed to the United States District Court for the Southern District of Florida, as an action properly removed thereto.

Dated: September 12, 2016

C O H E N   L A W
2 0 3 0   S .   D o u g l a s   R o a d . ,   S u i t e   2 0 4 ,   C o r a l   G a b l e s ,   F L   3 3 1 3 4
T e l e p h o n e :   3 0 5 . 9 6 7 . 7 5 5 0   F a c s i m i l e :   3 0 5 . 5 4 7 . 9 9 2 2

Respectfully submitted,

**COHEN LAW**
2030 S Douglas Road.
Suite 204
Coral Gables, FL 33134
Tel:  (305) 967-7550
Fax:  (305) 547-9922
Email: dc@cohenlawpa.com

DANIELLE A. COHEN
Fla. Bar No.: 27623

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic mail to the attorneys for the Plaintiff, Michael C. Foster, Esq., Annette Urena Tucker, Esq., TRIP SCOTT, P.A., 110 SE 6th Street, 15th Floor, Fort Lauderdale, FL 33301, mcf@trippscott.com and aut@trippscott.com, on this the 12th day of September, 2016.

DANIELLE A. COHEN

**3 |** P a g e

C O H E N   L A W
2030 S. Douglas Road., Suite 204, Coral Gables, FL 33134
Telephone: 305.967.7550 Facsimile: 305.547.9922