UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23905-CIV-GOODMAN
[CONSENT CASE]

PALS GROUP, INC.,

    Plaintiff,

v.

QUISKEYA TRADING CORP., et al.

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Defendants Quiskeya Trading Corp. and Patrick Louissaint move to dismiss for failure to state a claim five of the nine counts in the Complaint filed by Plaintiff Pals Group, Inc., d/b/a Lakay Foods. [ECF No. 14]. Lakay filed an opposition response. [ECF No. 19]. Defendants did not file a reply.

As explained below, the Undersigned **denies** Defendants' Motion to Dismiss.

**I.    Allegations in the Complaint**

Lakay is a family-owned and operated business that manufactures and distributes various products used to make Caribbean and Hispanic food recipes. [ECF No. 1, pp. 5–6]. Louissaint began working for a Lakay affiliate in Haiti as a teenager. [ECF No. 1, p. 7]. Later, Louissaint moved to Miami and worked as Lakay's bookkeeper

and auditor for six years. [ECF No. 1, p. 7].

During his work, "Louissaint had access to and control of Lakay's financial records, including, but not limited to, Lakay's bank account records, payable and receivable information, and QuickBooks records." [ECF No. 1, p. 7]. Moreover, "Louissaint was also entrusted with Lakay's confidential customer lists, supplier lists (and products), marketing strategies, prices, costs, and margins." [ECF No. 1, p. 7].

Louissaint then moved to Orlando but, at his request, continued working as Lakay's bookkeeper and auditor. [ECF No. 1, p. 7]. But without Lakay's knowledge or approval, Louissaint simultaneously began a business in Orlando that competed with Lakay. [ECF No. 1, p. 7]. Moreover, Louissaint built the business using Lakay's line of credit, racking up more than $160,000 in debt. [ECF No. 1, p. 7].

After learning of Louissaint's business, Lakay demanded compensation for the debt, but Louissaint lacked the means to pay. [ECF No. 1, p. 7]. Thus, Lakay and Louissaint agreed that Louissaint would cease competing with Lakay and that his new company would become Lakay's distributor, thereby repaying the debt over time by providing Lakay a portion of the distributor's profits. [ECF No. 1, p. 8].

Later on, Lakay learned that Louissaint had formed and was operating yet another competing business in Orlando: Quiskeya. [ECF No. 1, p. 8]. Similar to Lakay, Quiskeya provides Caribbean and Hispanic customers with a variety of products. [ECF No. 1, p. 8]. But according to Lakay, Quiskeya has a "distinct advantage over Lakay:

Louissaint's knowledge of Lakay's prices, cost structure and marketing permitted him to undercut Lakay's pricing." [ECF No. 1, p. 8]. Shortly before Lakay filed suit, Quiskeya had expanded from Orlando, opening a warehouse in Miami, near Lakay's location. [ECF No. 1, p. 9].

Lakay filed a nine-count complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and one count alleged violations of the Lanham Act, 15 U.S.C. § 1125(a). [ECF No. 1, pp. 4–20]. Defendants removed the case to the United States District Court for the Southern District of Florida, asserting federal-question jurisdiction. [ECF No. 1]. The case was assigned to United States District Judge Joan A. Lenard [ECF No. 2], but the parties consented to the full jurisdiction of the Undersigned [ECF Nos. 17–18].

Defendants move to dismiss five out of the nine counts in Lakay's Complaint for failure to state a cause of action. [ECF No. 14]. The challenged claims include two counts for breach of contract against Louissaint (Counts V and VI), a count for breach of fiduciary duty against Louissaint (Count VII), a count for equitable accounting against all Defendants (Count VIII), and a count for unjust enrichment against all Defendants (Count IX). [ECF No. 14].

## II.    Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the

ground upon which it rests." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 12(b)(6) provides defendants an opportunity to quickly dispose of complaints that fail to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under 12(b)(6), a court must take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a motion to dismiss, factual allegations must have "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Legal conclusions must be supported by 'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Haese v. Celebrity Cruises, Inc.*, No. 12-20655-CIV, 2012 WL 3808596, at *2 (S.D. Fla. May 14, 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Therefore, an initial complaint is not required to prove the plaintiff's entire case, but should "'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007).

**III. Analysis**

**A.** *Breach of Contract Claims (Counts V and VI)*

Louissaint argues that Lakay's breach of contract claims against him must be dismissed because Lakay "failed to attach to or incorporate a contract in its Complaint to support its breach of contract claims[,]" in supposed violation of Florida Rule of Civil Procedure 1.130(a). [ECF No. 14, p. 2]. Louissaint also adds that Lakay "failed to incorporate or attach any written document that evinces a written agreement of any form[,]" and that it also "[did] not specify that it['s] counts are based on an oral contract." [ECF No. 14, p. 2]. The Undersigned rejects these arguments as a basis for dismissal.

As Saruman told Gandalf in The Lord of the Rings: The Two Towers, a *Florida* rule of civil procedure has "no power here,"[1] i.e., in federal court. Moreover, courts in this district have consistently said that a federal corollary to Florida Rule of Civil Procedure 1.130(a) does not exist. *Mancil's Tractor Serv., Inc. v. T&K Constr., LLC*, No. 15-80520-CIV, 2015 WL 12866331, at *3 (S.D. Fla. July 28, 2015); *Strategic Mktg., Inc. v. Great Blue Heron Software*, No. 15-CIV-80032, 2015 WL 11438209, at *6 (S.D. Fla. May 12, 2015); *Alvarez v. Bank of Am. Corp.*, No. 14-60009-CIV, 2014 WL 3767669, at *2 (S.D. Fla. July 31, 2014); *Lahtinen v. Liberty Int'l Fin. Servs., Inc.*, No. 13-61766-CIV, 2014 WL 351999, at *4 (S.D. Fla. Jan. 31, 2014); *Burger King Corp. v. E-Z Eating 8th Corp.*, No. 07-20181-CIV, 2008

---

[1] THE LORD OF THE RINGS: THE TWO TOWERS (New Line Cinema 2002).

5

WL 11330723, at *5 (S.D. Fla. May 22, 2008); *Manicini Enters., Inc. v. Am. Exp. Co.*, 236 F.R.D. 695, 698 (S.D. Fla. 2006). Louissaint fails to cite any contrary authority.

At best, some courts have required plaintiffs to include copies of contracts with their pleadings to either complete the record or encourage the efficient resolution of the case or fix "muddled" allegations. *See Strategic Mktg.*, 2015 WL 11438209, at *6 (to complete the record); *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1330 n. 2 (S.D. Fla. 2012) (to achieve a "just, speedy, and inexpensive resolution of the case" consistent with Fed. R. Civ. P. 1); *Burger King*, 2008 WL 11330723, at *5 (to fix allegations). But Louissaint does not present any argument that attaching contracts to the Complaint in this case is necessary to meet those aims.

At bottom, a breach of contract claim in federal court need only comply with Rule 8. *Manicini*, 236 F.R.D. at 698. To do so, the plaintiff must allege: "(1) a valid contract, (2) a material breach, and (3) damages." *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1341 (S.D. Fla. 2011). "[A]ny remaining inquiries which [d]efendants may have concerning the specific terms of the alleged contracts may be resolved through the discovery process." *Manicini*, 236 F.R.D. at 698.

Lakay has sufficiently pled the elements of a breach of contract claim. Lakay alleged that: (1) the parties had both an employment agreement and a settlement agreement, which obligated Louissaint to return financial materials and repay the $160,000 debt, respectively; (2) Louissaint breached the agreements by refusing to

6

return the financial materials and by failing to repay the debt; and (3) the breaches caused Lakay to suffer injuries. [ECF No. 1, ¶¶ 17–18, 64–68, 70–72]. Although the allegations would be more precise if the alleged agreements were identified as being written or oral, Louissaint presents no case saying that this lack of detail violates Rule 8 and justifies dismissal.

Thus, the Undersigned will not dismiss Counts V and VI.

B.   *Breach of Fiduciary Duty Claim (Count VII)*

Louissaint argues that the Court must also dismiss Lakay's breach of fiduciary duty claim, attacking its first element. Specifically, Louissaint argues that Lakay "has not shown a contractual duty or implied duty that would rise to the level of a fiduciary relationship between the parties." [ECF No. 14, p. 5]. The Court disagrees.

A claim for a breach of fiduciary duty must allege: "(1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010). Fiduciary obligations may arise "when one party delegates power to another to carry out a specific task on his behalf, and in so doing, reposes significant trust and confidence in the other[.]" *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1312 (11th Cir. 2014). Moreover, "a fiduciary relationship may be implied in law based on the specific facts and circumstances surrounding the parties relationship and the transaction in which they are involved." *Thunder Marine, Inc. v. Brunswick Corp.*, 277 F. App'x 910, 912–13

7

(11th Cir. 2008).

Although "[a] fiduciary relationship will not **generally** be implied between an employer and employee," the "facts of a particular case may establish the existence of a confidential relationship between them concerning a particular transaction, thereby placing upon the parties the fiduciary obligations associated with a principal-agent relationship." *Traffic Tech, Inc. v. Montoya*, No. 16-CV-60177, 2016 WL 8678875, at *8 (S.D. Fla. Feb. 29, 2016) (emphasis added). For example, in *Montoya*, the court found that an employer had demonstrated a likelihood of success on a breach of fiduciary duty claim against a former employee because the employer had granted the employee "access to a wide range of confidential information (customer, supplier, agent, and transportation provider lists; rates, pricing, tariffs, customer programs, its computers, proprietary software, etc.)," which were "special circumstances" that "created a fiduciary relationship." *Id.*

Here, Lakay alleges that Louissaint was Lakay's bookkeeper and auditor for more than six years, during which time "Louissaint had access to and control of Lakay's financial records, including, but not limited to, Lakay's bank account records, payable and receivable information, and QuickBooks records." [ECF No. 1, ¶ 14]. Lakay then alleges that "Louissaint was also entrusted with Lakay's confidential customer lists, supplier lists (and products), marketing strategies, prices, costs, and margins," which "constitutes Lakay's protected trade secrets." [ECF No. 1, ¶ 14].

Moreover, Lakay alleges that Louissaint created a competing business, Quiskeya, with "a distinct advantage over Lakay: Louissaint's knowledge of Lakay's prices, cost structure and marketing permitted him to undercut Lakay's pricing." [ECF No. 1, ¶ 20]. In addition, Lakay alleges that Quiskeya "has grown quickly using Lakay's confidential trade secrets – viz., vendors, suppliers, customers and pricing – trade dress, financial information, marketing strategy and overall business plan." [ECF No. 1, ¶ 23]. At least at the pleading stage, these and similar allegations suffice to establish the plausibility that Louissaint owed fiduciary duties to Lakay.

Accordingly, the Undersigned will not dismiss Count VII.

C. *Equitable Accounting Claim (Count VIII)*

Defendants argue that Count VIII for equitable accounting must be dismissed for three reasons: (1) Lakay has not shown that the parties had a fiduciary relationship; (2) Lakay has not alleged that Quiskeya generated accounts extensive or complicated enough to warrant an equitable accounting; and (3) Lakay cannot pursue a remedy in equity while also pursuing multiple remedies at law. [ECF No. 14, pp. 5–6]. But as is evident from the discussion of Count VII, the Undersigned does not find Defendants' position persuasive.

"To obtain an accounting under Florida law, [] a party must show *either* (1) a sufficiently complicated transaction and an inadequate remedy at law or (2) the existence of a fiduciary relationship." *Zaki*, 771 F.3d at 1311 (emphasis added). "In the

former situation, Florida law provides an accounting where the accounts between the parties are sufficiently complicated and an adequate remedy at law is lacking." *Id.* "In the latter situation, an accounting is appropriate *in every case*." *Id.* (emphasis added).

The Undersigned has already found that Lakay alleged sufficient facts to establish the plausibility that fiduciary duties existed. Therefore, without the need to address Defendants' two other points, there is a sufficient basis for Lakay to ask for an equitable accounting. *Zaki*, 771 F.3d at 1311.

Accordingly, the Undersigned will not dismiss Count VIII.

### D. *Unjust Enrichment (Count IX)*

Defendants argue that the Court should dismiss Count IX for unjust enrichment because Lakay has also alleged two breach of contract claims that involved the same transaction, occurrence, or set of facts. [ECF No. 14, p. 7]. According to Defendants, "[a] claim for unjust enrichment presumes that an express contract does not exist where a claim seeking damages for breach of contract exists." [ECF No. 14, p. 7]. Therefore, Defendants say, "a claim for unjust enrichment must be dismissed if an express contract is alleged in the complaint." [ECF No. 14, p. 7].

Rule 8, however, allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). Therefore, "[a] party may plead in the alternative for relief under an express contract and for unjust enrichment." *Smith v. Jackson*, No. 16-81454-

10

CIV, 2017 WL 1047033, at *6 (S.D. Fla. Mar. 20, 2017). Moreover, "it is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails[,]" which means that "[u]ntil an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature." *Id.*

Although Lakay does not expressly plead Count IX as an alternative count [ECF No. 1, pp. 19–20], Lakay does recognize in its opposition response that "a plaintiff may only recover once for the same actual damages." [ECF No. 19, p. 7]. Furthermore, Lakay is entitled to plead alternative theories of relief under Rule 8.

Accordingly, the Undersigned will not dismiss Count IX.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 1, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record